**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

VICTOR BALLAST and LUIS SIMONE,
*individually and on behalf of all others*
*similarly situated,*

### PLAINTIFFS,

- against –

Case No. 20 CV 3812

### ANSWER AND JURY DEMAND

WORKFORCE7 INC., SAFEWAY CONSTRUCTION
ENTERPRISES, LLC, M.J. ELECTRIC, LLC,
CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC., JOHN DOE CORP. #1, and RONALD
HILTON, jointly and severally,

### DEFENDANTS.
_____

Defendants WORKFORCE7 INC. and RONALD HILTON, by their undersigned attorney,

TSAI PLLC, Answer to the Complaint alleges:

1. Denies each and every allegation contained in paragraph 1 of the Complaint, except admits

Plaintiffs were flaggers.

2. Denies each and every allegation contained in paragraph 2 of the Complaint.

3. Denies each and every allegation contained in paragraph 3 of the Complaint.

4. Denies each and every allegation contained in paragraph 4 of the Complaint.

5. Denies each and every allegation contained in paragraph 5 of the Complaint.

6. Denies each and every allegation contained in paragraph 6 of the Complaint.

7. Denies each and every allegation contained in paragraph 7 of the Complaint.

8. Denies each and every allegation contained in paragraph 8 of the Complaint.

9. Denies each and every allegation contained in paragraph 9 of the Complaint.

10. Denies each and every allegation contained in paragraph 10 of the Complaint.

11. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 11, and thus denies.

12. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 12, and thus denies.

13. Denies each and every allegation contained in paragraph 13 of the Complaint, except admits Plaintiffs worked throughout New York City and New York State.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Admits paragraph 15 of the Complaint.

16. Denies each and every allegation contained in paragraph 16 of the Complaint.

17. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 17, and thus denies.

18. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 18, and thus denies.

19. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 19, and thus denies.

20. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 20, and thus denies.

21. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 21, and thus denies.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

18. Denies each and every allegation contained in paragraph 26 of the Complaint, except admits Ronald Hilton is an owner of Workforce7.[1]

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

26. Admits paragraph 26 of the Complaint.[2]

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

---

[1] The Complaint re-starts with paragraph number 18.
[2] The Complaint jumps to paragraph number 26.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies each and every allegation contained in paragraph 44 of the Complaint, except admits Defendant Workforce7 provides flaggers in the construction industry.

45. To the extent that paragraph 45 of the Complaint references Workforce7's website, no answer is necessary, but to the extent an answer may be necessary, Defendants admit.

46. To the extent that paragraph 46 of the Complaint references a LinkedIn profile, no answer is necessary, but to the extent an answer may be necessary, Defendants admit that Plaintiffs purport to describe the profile.

47. Denies each and every allegation contained in paragraph 47 of the Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 50, and thus denies.

51. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 51, and thus denies.

52. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 52, and thus denies.

53. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 53, and thus denies.

54. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 54, and thus denies.

55. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 55, and thus denies.

56. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 56, and thus denies.

57. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 57, and thus denies.

58. Denies each and every allegation contained in paragraph 61 of the Complaint, except admits Workforce7 is located at 4226A White Plains Road, Bronx, New York 10466.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Complaint.

61. Denies each and every allegation contained in paragraph 61 of the Complaint, except admits Workforce7 provides flagging services in New York City and New York State.

62. Denies each and every allegation contained in paragraph 62 of the Complaint.

63. Denies each and every allegation contained in paragraph 63 of the Complaint.

64. Denies each and every allegation contained in paragraph 64 of the Complaint.

65. Denies each and every allegation contained in paragraph 65 of the Complaint.

66. Denies each and every allegation contained in paragraph 66 of the Complaint.

67. Denies each and every allegation contained in paragraph 67 of the Complaint.

68. Denies each and every allegation contained in paragraph 68 of the Complaint.

69. Denies each and every allegation contained in paragraph 69 of the Complaint.

70. Denies each and every allegation contained in paragraph 70 of the Complaint.

71. Denies each and every allegation contained in paragraph 71 of the Complaint.

72. Denies each and every allegation contained in paragraph 72 of the Complaint.

73. Denies each and every allegation contained in paragraph 73 of the Complaint, except admits Plaintiff Ballast provided flagging services for Workforce7.

74. Denies each and every allegation contained in paragraph 74 of the Complaint, except admits Plaintiff Ballast provided flagging services for Workforce7.

75. Denies each and every allegation contained in paragraph 75 of the Complaint, except admits Plaintiff Ballast provided flagging services for Workforce7.

76. Denies each and every allegation contained in paragraph 76 of the Complaint, except admits Plaintiff Ballast provided flagging services for Workforce7.

77. Denies each and every allegation contained in paragraph 77 of the Complaint, except admits Plaintiff Ballast provided flagging services for Workforce7.

78. Denies each and every allegation contained in paragraph 78 of the Complaint.

79. Denies each and every allegation contained in paragraph 79 of the Complaint.

80. Denies each and every allegation contained in paragraph 80 of the Complaint.

81. Denies each and every allegation contained in paragraph 81 of the Complaint.

82. Denies each and every allegation contained in paragraph 82 of the Complaint.

83. Denies each and every allegation contained in paragraph 83 of the Complaint.

84. Denies each and every allegation contained in paragraph 84 of the Complaint.

85. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 85, and thus denies.

86. Denies each and every allegation contained in paragraph 86 of the Complaint, except admits Plaintiff Simone provided flagging services for Workforce7.

87. Denies each and every allegation contained in paragraph 87 of the Complaint, except admits Plaintiff Simone provided flagging services for Workforce7.

88. Denies each and every allegation contained in paragraph 88 of the Complaint.

89. Denies each and every allegation contained in paragraph 89 of the Complaint.

90. Denies each and every allegation contained in paragraph 90 of the Complaint.

91. Denies each and every allegation contained in paragraph 91 of the Complaint, except admits Plaintiff Simone provided flagging service for Workforce7.

92. Denies each and every allegation contained in paragraph 92 of the Complaint, except admits Plaintiff Simone provided flagging service for Workforce7.

93. Denies each and every allegation contained in paragraph 93 of the Complaint.

94. Denies each and every allegation contained in paragraph 94 of the Complaint.

95. Denies each and every allegation contained in paragraph 95 of the Complaint.

96. Denies each and every allegation contained in paragraph 96 of the Complaint.

97. Denies each and every allegation contained in paragraph 97 of the Complaint, except admits Workforce7 is located at 4226A White Plains Road, Bronx, New York 10466.

98. Denies each and every allegation contained in paragraph 98 of the Complaint, except admits Plaintiffs were paid via check.

99. Denies each and every allegation contained in paragraph 99 of the Complaint.

100. Denies each and every allegation contained in paragraph 100 of the Complaint.

101. Denies each and every allegation contained in paragraph 101 of the Complaint.

102. Denies each and every allegation contained in paragraph 102 of the Complaint.

103. Denies each and every allegation contained in paragraph 103 of the Complaint.

104. Denies each and every allegation contained in paragraph 104 of the Complaint.

105. Denies each and every allegation contained in paragraph 105 of the Complaint.

106. Denies each and every allegation contained in paragraph 106 of the Complaint.

107. Denies each and every allegation contained in paragraph 107 of the Complaint.

108. Denies each and every allegation contained in paragraph 108 of the Complaint.

109. Denies each and every allegation contained in paragraph 109 of the Complaint.

110. Denies each and every allegation contained in paragraph 110 of the Complaint.

111. Denies each and every allegation contained in paragraph 111 of the Complaint.

112. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 112, and thus denies.

113. Denies each and every allegation contained in paragraph 113 of the Complaint.

114. Denies each and every allegation contained in paragraph 114 of the Complaint.

115. Denies each and every allegation contained in paragraph 115 of the Complaint.

116. Denies each and every allegation contained in paragraph 116 of the Complaint.

117. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 117, and thus denies.

118. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 118, and thus denies.

119. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 119, and thus denies.

120. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 120, and thus denies.

121. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 121, and thus denies.

122. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 122, and thus denies.

123. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in Paragraph 123, and thus denies.

124. Denies each and every allegation contained in paragraph 124 of the Complaint.

125. Denies each and every allegation contained in paragraph 125 of the Complaint.

126. Denies each and every allegation contained in paragraph 126 of the Complaint.

127. Denies each and every allegation contained in paragraph 127 of the Complaint.

128. Denies each and every allegation contained in paragraph 128 of the Complaint.

129. Denies each and every allegation contained in paragraph 129 of the Complaint.

## IN ANSWER TO PLAINTIFFS' FIRST CAUSE OF ACTION

130. Re-alleges each and every answer set forth in paragraph 1 through 129 as though set forth fully and at length herein.

131. Denies each and every allegation contained in paragraph 131 of the Complaint.

132. Denies each and every allegation contained in paragraph 132 of the Complaint.

133. Denies each and every allegation contained in paragraph 133 of the Complaint.

## IN ANSWER TO PLAINTIFFS' SECOND CAUSE OF ACTION

134. Re-alleges each and every answer set forth in paragraph 1 through 133 as though set forth fully and at length herein.

135. Denies each and every allegation contained in paragraph 135 of the Complaint.

136. Denies each and every allegation contained in paragraph 136 of the Complaint.

137. Denies each and every allegation contained in paragraph 137 of the Complaint.

138. Denies each and every allegation contained in paragraph 138 of the Complaint.

## IN ANSWER TO PLAINTIFFS' THIRD CAUSE OF ACTION

139. Re-alleges each and every answer set forth in paragraph 1 through 138 as though set forth fully and at length herein.

140. Denies each and every allegation contained in paragraph 140 of the Complaint.

141. Denies each and every allegation contained in paragraph 141 of the Complaint.

## IN ANSWER TO PLAINTIFFS' FOURTH CAUSE OF ACTION

142. Re-alleges each and every answer set forth in paragraph 1 through 141 as though set forth fully and at length herein.

143. Denies each and every allegation contained in paragraph 143 of the Complaint.

144. Denies each and every allegation contained in paragraph 144 of the Complaint.

145. Denies each and every allegation contained in paragraph 145 of the Complaint.

## IN ANSWER TO PLAINTIFFS' FIFTH CAUSE OF ACTION

146. Re-alleges each and every answer set forth in paragraph 1 through 145 as though set forth fully and at length herein.

147. Denies each and every allegation contained in paragraph 147 of the Complaint.

148. Denies each and every allegation contained in paragraph 148 of the Complaint.

## IN ANSWER TO PLAINTIFFS' SIXTH CAUSE OF ACTION

149. Re-alleges each and every answer set forth in paragraph 1 through 148 as though set forth fully and at length herein.

150. Denies each and every allegation contained in paragraph 150 of the Complaint.

151. Denies each and every allegation contained in paragraph 151 of the Complaint.

152. Denies each and every allegation contained in paragraph 152 of the Complaint.

153. Denies each and every allegation contained in paragraph 153 of the Complaint.

154. Denies each and every allegation contained in paragraph 154 of the Complaint.

## IN ANSWER TO PLAINTIFFS' SEVENTH CAUSE OF ACTION

155. Re-alleges each and every answer set forth in paragraph 1 through 154 as though set forth fully and at length herein.

156. Denies each and every allegation contained in paragraph 156 of the Complaint.

157. Denies each and every allegation contained in paragraph 157 of the Complaint.

## IN ANSWER TO PLAINTIFFS' EIGHTH CAUSE OF ACTION

158. Re-alleges each and every answer set forth in paragraph 1 through 157 as though set forth fully and at length herein.

159. Denies each and every allegation contained in paragraph 159 of the Complaint.

160. Denies each and every allegation contained in paragraph 160 of the Complaint.

## IN ANSWER TO PLAINTIFFS' NINTH CAUSE OF ACTION

161. Re-alleges each and every answer set forth in paragraph 1 through 160 as though set forth fully and at length herein.

162. Denies each and every allegation contained in paragraph 162 of the Complaint.

163. Denies each and every allegation contained in paragraph 163 of the Complaint.

164. Denies each and every allegation contained in paragraph 164 of the Complaint.

165. Denies each and every allegation contained in paragraph 165 of the Complaint.

## IN ANSWER TO PLAINTIFFS' TENTH CAUSE OF ACTION

166. Re-alleges each and every answer set forth in paragraph 1 through 165 as though set forth fully and at length herein.

167. Denies each and every allegation contained in paragraph 167 of the Complaint.

168. Denies each and every allegation contained in paragraph 168 of the Complaint.

169. Denies each and every allegation contained in paragraph 169 of the Complaint.

170. Denies each and every allegation contained in paragraph 170 of the Complaint.

171. Denies each and every allegation contained in paragraph 171 of the Complaint.

172. Denies each and every allegation contained in paragraph 172 of the Complaint.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

The remaining allegations in the Complaint constitute Plaintiffs' prayer for relief. Defendants deny that Plaintiff is entitled to the relief requested, or any relief in any amount, or of any kind whatsoever in this action.

## AFFIRMATIVE DEFENSES

Defendants hereby expressly reserve their rights to assert additional defenses should further proceedings in this action, including the progress of any discovery, reveal that such additional defenses would be applicable and appropriate.

### First Affirmative Defense

173. The Complaint and each purported claim for relief alleged herein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

174. The Fair Standard Labor Act does not apply to the Defendants because their annual gross revenue does not exceed $500,000.

### Third Affirmative Defense

175. Defendants are not an employer as defined by Fair Labor Standards Act and New York Labor Law.

### Fourth Affirmative Defense

176. Plaintiffs' claims should be dismissed to the extent that they are barred by applicable statutes of limitations and/or the doctrine of laches.

### Fifth Affirmative Defense

177. Plaintiffs were paid all wages due and owed to them in compliance with Fair Labor Standards Act and New York Labor Law.

**Sixth Affirmative Defense**

178. At all times relevant to the Plaintiffs' claims, the Defendants acted in good faith and had reasonable grounds to believe that their actions were not violative of any federal state or local laws, rules, regulation or guidelines.

**Seventh Affirmative Defense**

179. Plaintiffs are not entitled to liquidated damages because Defendants acted in good faith and had reason to believe their actions and/or omissions did not willfully violate federal and/or state law.

**Eighth Affirmative Defense**

180.  The causes of action alleged in the Complaint may not be maintained as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216, because the Plaintiffs, upon information and belief, are not similarly situated to some or all of the persons whom they purport to represent.

**Ninth Affirmative Defense**

181.  The statements and allegations contained in the Complaint fail to meet the requirements necessary to justify collective action certification or the issuance of collective action notice pursuant to 29 U.S.C. § 216 with respect to some or all of the employees alleged by the Plaintiffs to be similarly situated to them.

**Tenth Affirmative Defense**

182. Plaintiffs agreed to arbitrate any or all of the purported claims asserted in the Complaint, the Complaint violates such agreements to arbitrate and the Complaint should be dismissed and/or stayed and Plaintiffs should be compelled to arbitrate.

**Eleventh Affirmative Defense**

183. Plaintiffs are barred to the extent they are exempt from the overtime requirement of the Fair Labor Standards Act and New York Labor Law.

### Twelfth Affirmative Defense

184. Even if Defendants failed to pay the Plaintiffs for any work performed, the uncompensated time is *de minimis* and therefore not compensable.

### Thirteenth Affirmative Defense

185. Plaintiffs demand for liquidated damages renders this action inappropriate for treatment as a class action, and award of such damages on an aggregate basis would deny Defendants due process.

### Fourteenth Affirmative Defense

186. Some, if not all, Defendants did not exert the necessary control over the compensation, hours, and other conditions of Plaintiffs, and thus Defendants are not employers.

### Fifteenth Affirmative Defense

187. To the extent Plaintiffs are deemed to be entitled to any relief, Defendants are entitled to an offset from such relief for any overpayments of wages it provided for work never actually performed, any damages incurred by such individuals' acts or omissions, inadvertent overpayment for hours worked, plus payments in connection with any release of claims.

### Sixteenth Affirmative Defense

188. To the extent Plaintiffs are deemed to be entitled to any relief, Defendants are entitled to an offset based on the paid meal period and/or other paid break time which the Plaintiffs performed no work.

### Seventeenth Affirmative Defense

189. Plaintiffs have not exhausted all administrative remedies.

## Eighteenth Affirmative Defense

190. Plaintiffs' monetary claims are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendants.

## Nineteenth Affirmative Defense

191. Plaintiffs' claims are barred by the doctrine of laches, unclean hands, waiver and/or estoppel.

## Reservation of Additional Defenses

Defendants reserve the right to assert such additional defense as may become apparent through further investigation of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants hereby respectfully demand judgment dismissing the

Complaint in its entirety, together with costs, disbursements, and reasonable attorney's fees

incurred in the defense of this action, and that the Defendants have such other and further relief

as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Defendants demand trial

by jury in this action of all issues so triable.


Dated: New York, New York
       August 16, 2020


                                        /s/     Joey Tsai
                                        Joey Tsai (JT 1011)
                                        Attorney for Defendants
                                        Workforce7 Inc. and Ronald Hilton
                                        Tsai PLLC
                                        535 Fifth Avenue
                                        Fourth Floor
                                        New York, NY 10017
                                        T. 646-829-9001
                                        F. 646-829-9002
                                        E. jtsai@tsaipllc.com