UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR BALLAST, LUIS SIMONE,
RICHARD WALKER *and*
ORLANDO OBRET, *Individually and
On Behalf of All Others Similarly
Situated*

                Plaintiffs,

    – *against* –

WORKFORCE7 INC., CONSOLIDATED
EDISON COMPANY OF NEW YORK,
INC., VALI INDUSTRIES, INC., *and*
RONALD HILTON, *Jointly and Severally*

                Defendants.

**ORDER**

20-cv-3812 (ER)

RAMOS, D.J.:

      Consolidated Edison Company of New York, Inc. ("Con Edison") moved to dismiss Counts 10 and 11 of the Second Amended Complaint on July 19, 2023.  Doc. 288.  Those counts allege that Defendants violated their duties to pay Plaintiffs prevailing rates of wage, pursuant to contracts between Con Edison and Vali Industries, Inc. ("Vali") and between Con Edison and Workforce7 Inc. ("Workforce7").  Doc. 279 (Second Am. Compl.) ¶¶ 67–84, 241–52.  In its supporting memorandum of law, Con Edison argued in part that the relevant contracts with Workforce7 "obligate Workforce7 as the contractor, and not Con Edison as the owner" to pay prevailing wages to the extent that Plaintiffs are owed such wages.  Doc. 289 at 19.  Similarly, with respect to the Con Edison-Vali contracts, Con Edison argued that the contracts did not "obligate[] itself to pay prevailing wages and benefits"; rather "Vali would pay such wages and benefits."  *Id.* at 23.

      Vali filed a letter the same day to join the motion to dismiss.  Doc. 291.  It stated that "[t]he only change with regard to the foregoing motion is Vali requests that the justifications Con

Edison cites to support dismissing certain causes of action be applied equally to dismiss those same causes of action, as asserted against Vali." *Id.* Likewise, Workforce7 and Ronald Hilton (together, "the Workforce7 Defendants") wrote to join Con Edison's motion and "incorporate by reference Con Edison's Partial Motion to Dismiss as to all points as if (1) the Workforce7 Defendants submitted the same memorandum of law and, (2) the arguments made by Con Edison were made by the Workforce7 Defendants." Doc. 292. Neither Vali nor the Workforce7 Defendants addressed Con Edison's argument that Con Edison could not be found liable under the contracts for failure to pay prevailing wages because the contracts only obligated Vali and Workforce7 to pay Plaintiffs. In other words, Vali and the Workforce7 Defendants appear to concur with Con Edison's argument that they, but not Con Edison, were required to pay Plaintiffs prevailing wages.[1]

Although Con Edison filed a reply reiterating its arguments that the contracts obligated only *Vali* and *Workforce7*, and not Con Edison, to pay Plaintiffs prevailing wages (Doc. 297), neither Vali nor Workforce7 filed a reply.

Accordingly, the Court directs Vali and Workforce7 to submit a response by December 13, 2023 stating whether they also join the portion of Con Edison's motion arguing that they are liable for Plaintiffs' prevailing wage claim. To the extent they do not join that portion of the

---

[1] For their part, Plaintiffs also note the incongruence of Vali and the Workforce7 Defendants' letter submissions joining Con Edison's motion. Doc. 295 at 22–23 ("The contracts attached by Con Edison make abundantly clear that the other Defendants likewise agreed to pay prevailing wages . . . . It is somewhat puzzling that Workforce7 and Vali joined the Second Motion to Dismiss, in light of Con Edison's repeated invocation of various contractual provisions to place the obligation for payment of prevailing wages squarely upon its co-defendants.").

In addition, the Court notes that Plaintiffs do not concede that Con Edison is not liable for prevailing wages; rather, they base the theory of Con Edison's liability on certain permits it obtained from the New York City Department of Transportation, which they allege imposed an independent duty on Con Edison to pay Plaintiffs prevailing wages. *See id.* at 23.

motion, Vali and Workforce7 are directed to, by the same date, submit any arguments to dismissal of Counts 10 and 11 of the Second Amended Complaint.

      SO ORDERED.

Dated:   November 21, 2023
           New York, New York

                                                                       Edgardo Ramos, U.S.D.J.